**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Equal Employment Opportunity Commission, | |
| Plaintiff, | Case No. 25-cv-09013 |
| v. | Judge Mary M. Rowland |
| Silver Cross Hospital, | |
| Defendant. | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

The Equal Employment Opportunity Commission (the "EEOC") brings this action on behalf of Debra Phillips ("Phillips") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Defendant Silver Cross Hospital ("Silver Cross") moves to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim. [10].

For the reasons stated herein, Silver Cross' motion to dismiss [10] is denied.

## I.   Background

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Phillips worked for Silver Cross as an insurance verification lead. [1] ¶ 17(b). In August 2021, Silver Cross instituted a mandatory COVID-19 ("COVID") vaccination policy that required all employees to be vaccinated by the end of October 2021. *Id.* ¶ 16. The policy had exemptions for religious and medical/health reasons. *Id.*

1

In early September 2021, Phillips—who had a history of allergic reactions to vaccines—received a first dose of the COVID vaccine. *Id.* ¶¶ 17(a), 18. Phillips experienced a severe allergic reaction to the dose, which included hives, itching, and a swollen tongue. *Id.* She required treatment in an emergency room and took two weeks off from work to recover. *Id.* ¶ 17(a). Phillips' allergic reaction was constant for months and then episodic for several months. *Id.* Her condition substantially limited her ability to sleep and concentrate as well as the functions of her immune and integumentary systems. *Id.*

On September 27, 2021, Phillips sought a medical exemption and/or accommodation from Silver Cross' COVID vaccination policy and provided a doctor's note in support of her request. *Id.* ¶ 19. Silver Cross did not respond to her request. *Id.* ¶ 20. On December 14, 2021, Silver Cross placed Phillips on unpaid leave for being non-compliant with its COVID vaccination policy. *Id.* ¶ 21. Around the same time, and without informing Phillips, Silver Cross denied Phillips' accommodation request and terminated her employment. *Id.* ¶¶ 22, 23. Phillips later learned she had been terminated in February 2022. *Id.* ¶ 24.

Phillips eventually filed a charge with the EEOC alleging that Silver Cross' conduct constituted a violation of the ADA. *Id.* ¶ 8. On August 1, 2024, the EEOC issued a Letter of Determination to Silver Cross, finding reasonable cause to believe that Silver Cross violated the ADA when it failed to provide Phillips a reasonable accommodation based on a disability and discharged her from employment. *Id.* ¶ 9. The EEOC thereafter provided Silver Cross an opportunity to remedy the alleged

discriminatory practices described in its Letter of Determination. *Id.* ¶ 11. The EEOC, however, was unable to secure an acceptable conciliation agreement from Silver Cross and, on May 27, 2025, issued a Notice of Failure of Conciliation to Silver Cross. *Id.* ¶¶ 12, 13. The EEOC filed this action two months later. [1].

On September 29, 2025, Silver Cross filed the instant motion to dismiss for failure to state a claim. [10].

## II.   Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to

be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To state a claim pursuant to the ADA, a plaintiff must allege that "(1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (citing *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008)). "Disability" is defined, in relevant part, as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1). "Major life activities" include "sleeping," "concentrating," and "the operation of a major bodily function," among other things. *Id.* § 12102(2).

Silver Cross challenges only the first element—that Phillips had a disability. Specifically, Silver Cross asserts that Phillips' allergic reaction to the COVID vaccine

4

does not constitute a disability because her condition was temporary and not severe. [10] at 4. Silver Cross also maintains that the EEOC has failed to plausibly demonstrate that Phillips' "major life activities" were substantially limited by her allergic reaction. *Id*. at 6–7; [23] at 4–7.

If it were 2007, Silver Cross' first point would have some merit. Before 2008, "[i]ntermittent, episodic impairments [were] not disabilities, the standard example being a broken leg." *Mata v. Deslauriers, Inc.*, No. 21 CV 3976, 2023 WL 2665441, at *4 (N.D. Ill. Mar. 28, 2023) (quoting *Vande Zande v. State of Wis. Dep't of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995)). The 2008 amendment to the ADA, however, broadened the definition of "disability"; today, an impairment counts as a disability even if it is "transitory and minor." *Gogos*, 737 F.3d at 1172 (citing 42 U.S.C. § 12112(3)); *Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 880 (N.D. Ill. 2014) ("Notably, the ADA was amended in 2008 to make the standard for qualifying as disabled more inclusive."). Likewise, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." *Gogos*, 737 F.3d at 1172–73 (citing 42 U.S.C. § 12112(4)). Here, the EEOC pleads that Phillips' condition was "constant for months, and then episodic for several months." [1] ¶ 17(a). Under the current version of the ADA, this qualifies as an "impairment." Other district courts agree. *Swanson v. Lilly USA, LLC*, No. 1:23-CV-00831-TWP-TAB, 2024 WL 125978, at *4 (S.D. Ind. Jan. 10, 2024) (finding "a severe adverse reaction to the influenza vaccine" that caused "headaches/migraines that lasted from ½ a day to 3-days" sufficient to allege an disability); *Petrus v. Silver Cross Hosp.*, No.

22 C 6853, 2024 WL 621695, at *3 (N.D. Ill. Feb. 14, 2024) (previous allergic reactions to a vaccine sufficient to allege a disability); *see also Thompson v. Alfred St. Baptist Church*, No. 1:24-CV-00980-MSN-WEF, 2024 WL 4806267, at *3 (E.D. Va. Nov. 15, 2024); *Kelly v. ACTS Ret.-Life Communities, Inc.*, No. CV GLR-23-127, 2023 WL 5721584, at *4 (D. Md. Sept. 5, 2023). And though Silver Cross cites authority to the contrary, [10] at 5–7, the cases cited either (1) were decided on summary judgment[1], (2) rely on pre-2008 authority, or (3) predicated their decision more on the plaintiffs' failure to allege that the impairment substantially limited a major life activity—a separate question (and one the Court addresses below) from whether the condition itself can qualify as an impairment. The Court, therefore, is unpersuaded by Silver Cross' authority.

Silver Cross' second point is essentially lack of causation. It faults the EEOC for failing to allege a plausible connection between Phillips' allergic reaction to the COVID vaccine and any substantial limitation on Phillips' "major life activities." [10] at 6–7; [23] at 4–7. In support of this, Silver Cross points to the fact that Phillips did not seek medical attention for her allergic reaction until the day after she received the COVID vaccine, took only two weeks off work, and performed her job without any

---

[1]In supporting or opposing a motion to dismiss, "cases that were decided on summary judgment (or on appeal of summary judgment) are not particularly helpful because of the differing standards." *DeJaynes v. Powell*, No. 3:21-CV-50345, 2022 WL 2657194, at *2 (N.D. Ill. July 8, 2022) (collecting cases).

medical restrictions after she returned to work. [23] at 3–5; [10] at 3 (citing [10-1][2]). All of this, Silver Cross argues, shows that Phillips' "major life activities" were not substantially limited by her allergic reaction. *Id.*

Silver Cross' position may eventually carry the day. But we must remember where we are: the pleading stage. At this point in the case, the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the EEOC's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The Complaint alleges that Phillips' allergic reaction included hives, itching, and a swollen tongue. [1] ¶ 17(a). Even if Phillips didn't request a medical accommodation at work due to these conditions, it is a reasonable inference and plausible that any discomfort and irritation that Phillips experienced from her hives, itching, and swollen tongue substantially limited her ability to "sleep," "concentrate," and the functions of her "integumentary (skin)" system—three of the "major life activities" the EEOC is proceeding on. *Id.* Of course, the EEOC must be able to support these allegations with evidence developed through discovery. But that issue is for summary judgment.

## IV. Conclusion

For the stated reasons, Silver Cross' motion to dismiss [10] is denied.

Dated: May 4, 2026                     E N T E R :

_____

---

[2]The Court may consider documents referenced by a complaint on a motion to dismiss. *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018). Phillips' EEOC Charge, [10-1], is reference in the Complaint.

_____

MARY M. ROWLAND

United States District Judge

8